**BLACKWATER SECURITY CONSULT-
ING, LLC and Continental Insurance
Company, successor to Fidelity Casu-
alty Company of New York, Petition-
ers,**

v.

**DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS;
et al., Respondents.**

No. 11–71587.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2012.

Filed Dec. 19, 2012.

Michael W. Thomas, Thomas Quinn &
Krieger, San Francisco, CA, for Petition-
ers.

Paul Leon Edenfield, Mark A. Reinhal-
ter, Counsel, Rajesh D. Nayak, U.S. De-
partment of Labor, Joshua Thomas Gille-
lan, II, Esquire, Washington, DC, Gary
Pitts, Esquire, Pitts & Mills # D, Houston,
TX, for Respondents.

Before: HAWKINS, TASHIMA, and
MURGUIA, Circuit Judges.

MEMORANDUM *

Petitioner Blackwater Security Consult-
ing, LLC, and its insurance carrier, Conti-
nental Insurance Company (together,
"Blackwater"), petition for review of the

decision of the Benefits Review Board
("BRB") partially affirming the decision of
the Administrative Law Judge ("ALJ")
and awarding Daniel Raymond compensa-
tion under the Longshore and Harbor
Workers' Compensation Act, 33 U.S.C.
§ 901 *et seq.* ("LHWCA"), as extended by
the Defense Base Act, 42 U.S.C. § 1651 *et
seq.* ("DBA"). Because the facts and pro-
cedural history are familiar to the parties,
we do not recite them here, except as
necessary to explain our disposition. We
have jurisdiction under 33 U.S.C. § 921(c).
We review decisions of the BRB "for er-
rors of law and adherence to the substan-
tial evidence standard." *Keenan v. Dir.,
OWCP,* 392 F.3d 1041, 1044 (9th Cir.2004).
We deny Blackwater's petition for review.

Blackwater's contention that the BRB
overturned the factual finding of the ALJ
that Raymond planned to cease his over-
seas employment is incorrect: the BRB
did not dispute the ALJ's finding, rather it
held that the finding was legally irrelevant.
Blackwater's argument that the ALJ
should have been allowed to take account
of Raymond's plans to return stateside is
similarly without merit. We agree with
the BRB that the LHWCA does not per-
mit the result that Blackwater seeks.

The LHWCA defines disability as "inca-
pacity because of injury to earn the wages
which the employee was receiving at the
time of injury in the same or any other
employment." 33 U.S.C. § 902(10). Ray-
mond's circumstances fall within the plain
language of this definition. Nor is it con-
tested that his unscheduled partial perma-
nent disability brings him within the terms
of § 908(c)(21). That section unambigu-
ously provides that an ALJ shall award
two-thirds of the difference between a

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

claimant's average weekly wages *at the time of injury* and his post-injury wage-earning capacity. 33 U.S.C. § 908(c)(21). Nothing in the statutory scheme allows for an ALJ to disregard or modify this formula.

We have repeatedly held that the LHWCA does not grant an ALJ any discretion to re-calibrate a claimant's average weekly wages at the time of injury based on future events that would have changed that wage regardless of injury. *See, e.g., Sestich v. Long Beach Container Terminal,* 289 F.3d 1157, 1160–61 (9th Cir.2002) (assuming that wages would have increased as claimant argued, but holding that fact legally irrelevant because award properly based solely on mathematical formula); *Keenan,* 392 F.3d at 1045–46 (same). The decision of the BRB was therefore not erroneous.

Finally, Blackwater's argument that applying the plain language of the LHWCA to overseas contractors creates "absurd" results misapprehends the role of the judiciary. The LHWCA and the DBA embody legislative choices that we have no authority to disregard. *See Potomac Elec. Power Co. v. Dir., OWCP,* 449 U.S. 268, 282–84, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980) (stating that where plain statutory language "produces incongruities, the federal courts may not avoid them by rewriting or ignoring that language"). Accordingly, we must interpret and apply the LHWCA and the DBA as written.

The decision of the BRB was correct.

**PETITION DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.